Filed 6/26/15  P. v. Smith CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAQUAIN SMITH,<br><br>    Defendant and Appellant. | B257798<br><br>(Los Angeles County<br>Super. Ct. No. MA059285) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lisa M. Chung, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

JaQuain Smith appeals from the judgment following his conviction of eight violent and serious felonies he committed against his former girlfriend. He challenges the sufficiency of the evidence to convict him of willful, deliberate and premeditated attempted murder and the constitutionality of Evidence Code section 1109 [prior acts of domestic violence]. We affirm the judgment.

Because this is an unreported opinion and the parties are familiar with the facts we will dispense with their recitation here. To the extent they are relevant, the facts are discussed in our resolution of the issues below.

## DISCUSSION

**I.     SUFFICIENT EVIDENCE SUPPORTS THE JURY'S FINDING THAT SMITH'S ATTEMPT TO MURDER CHANESHIA HOWARD WAS WILLFUL, DELIBERATE AND PREMEDITATED.**

Smith does not challenge the jury's verdict of attempted murder. Rather, he contends the evidence was insufficient to prove that the attempt was willful, deliberate and premeditated. We review the evidence in the light most favorable to the judgment. (*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686, 693-694.)

Smith and Chaneisha Howard had been in a relationship for about two years and had a child together. They lived together sporadically. Their relationship ended in November or December 2012, and Smith moved out of Howard's apartment.

When they were living together, Smith battered Howard on several occasions. In a September 2012 incident Howard blacked out after Smith choked her. In November 2012, Howard was watching television in her apartment when Smith turned the television off and plugged in his video game. They got into a fight, and Smith again choked Howard. She called the police. Later that same month, Smith threw a rock through Howard's window, broke picture frames and ripped up her pictures. Smith admitted to her that he had done these things. In December 2012, Smith pulled a gun on Howard's stepfather in her apartment. Howard obtained a restraining order against Smith but he continued to contact her.

2

In April 2013, Howard and her cousin Myneice Dodson were getting ready to leave Howard's apartment. Unbeknownst to them, Smith was standing just outside the door. When Dodson unlocked and opened the door, Smith charged into the apartment. He reached to his side and pulled out a knife. Dodson ran out of the apartment to call for help. Smith immediately advanced on Howard with the knife and said, "I'm gonna kill you, bitch." As he said this he tried to stab Howard in her abdomen but she pushed him back. As Howard turned, Smith stabbed her in her side. Howard testified that Smith "tried to go again, but I blocked him out [of] the way." Smith then raised his hand and stabbed Howard near her left eye. Howard either knocked the knife out of Smith's hand or she grabbed it and threw it. Scared and shocked, Howard thought "[h]e was really about to kill me." Smith pushed Howard into the closet and they both fell to the floor, fighting. Smith straddled Howard with his legs on her arms, striking her in the face and choking her. At that point Dodson came back into the apartment and Smith jumped out a window.

An ambulance transported Howard to a hospital where a doctor placed staples in her side and on her cheek where Smith had stabbed her. The medical report also noted Howard suffered a fracture to one of her orbital sockets.

Based on the attack on Howard described above, a jury convicted Smith of attempted murder and found that it was willful, deliberate and premeditated. The court sentenced Smith to life with the possibility of parole. (Pen. Code, §§ 187, 664, subd. (a).)

In determining the sufficiency of the evidence to support the finding of willful, deliberate and premeditated, both sides ask us to apply the same analysis our Supreme Court applied in *People v. Anderson* (1968) 70 Cal.2d 15, 26-27 to determine the sufficiency of those elements in a case of first degree murder. That analysis involves looking at facts about the defendant's behavior before the crime demonstrating prior planning; facts about the defendant's conduct or relationship with the victim demonstrating motive; and facts about the manner of the crime demonstrating an intent to commit the crime according to a preconceived plan. (*Ibid.*)

3

Smith concedes that under *People v. Anderson*, *supra*, 70 Cal.2d at p. 27, "the record contains 'facts about the defendant's prior relationship and/or conduct with the victim from which the jury could reasonably infer a "motive"' existed or that 'the [attempted] killing was the result of "a pre-existing reflection" and "careful thought and weighing of considerations[.]"'" He maintains, however, that there is insufficient evidence of the third factor discussed in *Anderson*: "'facts about the nature of the [attempted] killing from which the jury could infer the manner of [the attempted] killing was so particular and exacting that the defendant must have intentionally [attempted to kill] according to a "preconceived design" to take [Howard's] life in a particular way for a "reason,"' thereby suggesting planning or motive." We disagree that the evidence is insufficient to prove premeditation. Smith went to Howard's apartment armed with a knife and waited outside her front door until someone inside opened the door. He then charged in and immediately attacked Howard with the knife stabbing her in her body and face while saying, "I'm gonna kill you, bitch." That is sufficient evidence of a "preconceived design" to take Howard's life.

## II. SMITH WAS NOT DENIED DUE PROCESS BY EVIDENCE OF HIS PRIOR ACTS OF DOMESTIC VIOLENCE AGAINST HOWARD.

The court admitted evidence of Smith's prior acts of domestic violence against Howard under Evidence Code section 1109, subdivision (a)(1) which states in relevant part: "[I]n a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible by Section 1101 [evidence of character inadmissible to prove conduct] if the evidence is not inadmissible pursuant to Section 352 [undue prejudice]."

Smith argues that notwithstanding the protection of Evidence Code, section 352, admission of domestic violence evidence under Evidence Code section 1109 denied him due process of law. This argument has been rejected by every published appellate

4

opinion we are aware of.  (Cf. *People v. Falsetta* (1999) 21 Cal.4th 903, 917-918 [rejecting due process challenge to analogous provisions of section 1108].)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                  ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.